## Seruga v. Tuskes

*John Zettlemoyer,* for plaintiffs.
*William Ross,* for defendants.

GRIFO, *J.,* November 25, 1981—This action was brought by plaintiffs against Charles Tuskes and Irene Tuskes, individually, and against Charles Tuskes & Sons, Inc., a corporation registered and incorporated under the laws of this Commonwealth. Plaintiffs' complaint alleges that they own property which borders on property owned by defendants. Plaintiffs aver that defendants constructed five townhouses on said property, and that the townhouses were constructed in violation of the side-yard setback requirements of the Bethlehem Township Zoning Ordinance. By way of further allegation, plaintiffs allege that in constructing said townhouses defendants encroached upon their property, negligently raised the natural grade and elevation of the adjoining land, and constructed a downspout system channeling run-off water onto plaintiffs' property. Plaintiffs allege that as a result, they have suffered damages in the amount of $8,000.

Defendants' first objection, in the nature of a demurrer, charges that plaintiffs' complaint failed to specify which defendant or defendants are responsible for the construction of the townhouses. Therefore, defendants submit, plaintiffs' complaint fails to set forth causes of action against each of defendants involved. Alternatively, defendants submit that the court should order plaintiffs to file a more specific pleading setting forth, in separate counts, the causes of action against each defendant, and cite Pa.R.C.P. 1020 as their authority.

We disagree with defendants' interpretation of Pa.R.C.P. 1020. Rule 1020(a) provides:

"The Plaintiff may state in the Complaint two or more causes of action triable in the same county which arise from contract or are quasi-contractual. *Each cause of action and any special damages related thereto shall be stated in a separate count containing a demand for relief.*"

It has been repeatedly held that where a plaintiff sues several defendants jointly, alleging liability jointly, separate counts are not required. Goodrich-Amram 2d. §1020(a):1. In the matter before the court, the factual background is identical for all of defendants and, therefore, separate pleadings or counts are not needed. Indeed, where there is only one cause of action, the rule is not applicable. Nan Dusken, Inc. v. Parks, 2 P.I.C.O. 336 (Phila. 1978). Moreover, it has also been held that a series of transactions and occurrences which are the violation of a single duty or obligation, need not be pleaded in separate counts under Rule 1020. Phila. v. Konapachi, 2 D. & C. 3d 353 (1975). In the instant matter, plaintiffs' complaint alleges that they sustained damages as the result of negligent construction and excavating. The allegations in the complaint all arise out of the construction of the townhouses and revolve around the duty to construct in a proper manner. Furthermore, Pa.R.C.P. 2229(b) provides:

"A Plaintiff may join as Defendant persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting liabilities of all such persons will arise in the action."

Accordingly, we dismiss defendants' first objection.

Defendants' next preliminary objection is in the nature of a motion for a more specific pleading, wherein they allege that plaintiffs have failed to specify the specific damages involved.

In Paragraph 14 of their complaint, plaintiffs have alleged that as the result of defendants' negligent actions, they have suffered damages to their land in the amount of $8,000. Defendants submit that plaintiffs are required under Pa.R.C.P. 1019 to itemize their damages, and that by failing to do so defendants cannot ascertain the basis for the claim against them.

The modern trend under our new liberal discovery rules is to permit the lumping of damages. It has been held that where discovery is available, it is enough defendant be informed of "prospect areas and areas covered." Remoley Equipment and Supply Co. v. Hager, 53 Westmoreland 275 (1971); Oswald v. Hunsicker, 52 Schuyl. 16 (1958).

We conclude that the complaint is specific enough for defendants to adequately answer the complaint, and that itemization of damages is available through the process of discovery. Therefore, we dismiss defendants' motion for a more specific pleading.

Wherefore, we enter the following

## ORDER

And now, November 25, 1981, defendants' preliminary objections are denied and dismissed.

Defendants are directed to file an answer to the complaint within 20 days from the date of this order.